1    AMY W. SCHULMAN
     DLA PIPER LLP
2    1251 Avenue of the Americas
     New York, NY 10020
3    Telephone: (212) 335-4500
     Facsimile: (212) 335-4501
4    amy.schulman@dlapiper.com

5    STUART M. GORDON (SBN: 037477)
     GORDON & REES LLP
6    Embarcadero Center West
     275 Battery Street, Suite 2000
7    San Francisco, CA 94111
     Telephone: (415) 986-5900
8    Facsimile: (415) 986-8054
     sgordon@gordonrees.com
9
     MICHAEL C. ZELLERS (SBN: 146904)
10   TUCKER ELLIS & WEST LLP
     515 South Flower Street, Suite 4200
11   Los Angeles, CA 90071-2223
     Telephone: (213) 430-3400
12   Facsimile: (213) 430-3409
     michael.zellers@tuckerellis.com
13
14   Attorneys for Defendants
     PFIZER INC., PHARMACIA CORPORATION, AND
15   G.D. SEARLE LLC

                 UNITED STATES DISTRICT COURT
16
                 NORTHERN DISTRICT OF CALIFORNIA
17
                       SAN FRANCISCO DIVISION
18

19   IN RE CELEBREX AND BEXTRA           )   MDL Docket No. 1699
     MARKETING, SALES PRACTICES AND      )
20   PRODUCTS LIABILITY LITIGATION       )   CASE NO. 3:08-cv-0183-CRB
     _____     )
     This document relates to            )
21                                       )   **PFIZER INC., PHARMACIA
     IRENE PIERRE,                       )   CORPORATION, AND G.D.
22                                       )   SEARLE, LLC'S ANSWER TO
              Plaintiff,                  )   COMPLAINT**
23                                       )
           vs.                           )   **JURY DEMAND ENDORSED
24                                       )   HEREIN**
     PFIZER, INC., PHARMACIA CORPORATION,)
25   G.D. SEARLE, L.L.C., and MONSANTO   )
     COMPANY,                            )
26                                       )
              Defendants.                 )
27   _____     )

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiff's Complaint as

2   "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation (formerly known as "Monsanto Company"[1])

3   ("Pharmacia"), and G.D. Searle LLC (improperly captioned in Plaintiff's Complaint as "G.D.

4   Searle, L.L.C.") ("Searle") (collectively "Defendants"), and file this Answer to Plaintiff's

5   Complaint ("Complaint"), and would respectfully show the Court as follows:

6    **I.**

7    **PRELIMINARY STATEMENT**

8    The Complaint does not state in sufficient detail when Plaintiff was prescribed or used

9   Bextra® (valdecoxib) ("Bextra®").  Accordingly, this Answer can only be drafted generally.

10   Defendants may seek leave to amend this Answer when discovery reveals the specific time

11   periods in which Plaintiff was prescribed and used Bextra®.

12   **II.**

13   **ANSWER**

14   1.    Defendants state that this paragraph of the Complaint contains legal contentions to which

15   no response is required.  To the extent that a response is deemed required, Defendants admit that

16   Plaintiff brought this civil action seeking monetary damages, but deny that Plaintiff is entitled to

17   any relief or damages.  Defendants are without knowledge or information sufficient to form a

18   belief as to the truth of the allegations in this paragraph of the Complaint regarding whether

19   Plaintiff used Bextra®, and, therefore, deny the same.  Defendants deny any wrongful conduct,

20   deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this

21   paragraph of the Complaint.

22   **Response to Allegations Regarding Parties**

23   2.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

---

[1] Plaintiff's Complaint names "Monsanto Company" as a Defendant.  Defendants state that in 1933, an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, 1933 Monsanto changed its name to Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged in the agricultural business and does not and has not ever designed, produced, manufactured, sold, resold or distributed Bextra®.  Given that Plaintiff alleges in the Complaint that Monsanto Company was involved in distributing Bextra®, *see* PLAINTIFF'S COMPLAINT at ¶ 3, Defendants assume Plaintiff means to refer to 1933 Monsanto.  As a result, Pharmacia will respond to the allegations directed at Monsanto Company.

truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and marital status, and, therefore, deny the same. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding "Decedent," and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

3.     Defendants admit that in 1933 an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware. On March 31, 2000, a subsidiary of 1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name to Pharmacia Corporation. On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware. On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto"). The 2000 Monsanto is engaged in the agricultural business and does not and has not ever manufactured, marketed, sold, or distributed Bextra®. The 2000 Monsanto is not and has never been the parent of either Searle or Pharmacia. As the 2000 Monsanto does not and has not ever manufactured, marketed, sold, or distributed Bextra®, Defendants therefore state that the 2000 Monsanto is not a proper party in this matter. Defendants deny the remaining allegations in this paragraph of the Complaint. Defendants state that the response to this paragraph of the Complaint regarding Monsanto is incorporated by reference into Defendants' responses to each and every paragraph of the Complaint referring to Monsanto and/or Defendants.

4.     Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois. Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that Searle may be served through its registered agent. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

5.      Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey and that Pharmacia is registered to do business in the State of California. Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

6.      Defendants admit that Pfizer is a Delaware corporation and that Pfizer is registered to do business in Illinois.  Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

**Response to Allegations Regarding Jurisdiction and Venue**

7.      Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the amount in controversy, and, therefore, deny that the same.  However, Defendants admit that Plaintiff claims that the amount in controversy exceeds $75,000, exclusive of interests and costs.

8.      Defendants deny the allegations in this paragraph of the Complaint.

**Response to Factual Allegations**

9.      Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance with

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

10.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

11.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

12.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding "Decedent," and, therefore, deny the same.  Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

13.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the

1   remaining allegations in this paragraph of the Complaint.

2   14.   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and

3   co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by

4   law authorized to prescribe drugs in accordance with their approval by the FDA.   Defendants

5   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

6   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

7   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

8   accordance with their approval by the FDA.   Defendants deny the remaining allegations in this

9   paragraph of the Complaint.

10   15.   Defendants are without knowledge or information sufficient to form a belief as to the

11   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

12   Bextra®, and, therefore, deny the same.   Defendants state that Bextra® was and is safe and

13   effective when used in accordance with its FDA-approved prescribing information.   Defendants

14   state that the potential effects of Bextra® were and are adequately described in its FDA-

15   approved prescribing information, which was at all times adequate and comported with

16   applicable standards of care and law.   Defendants deny any wrongful conduct and deny the

17   remaining allegations in this paragraph of the Complaint.

18   **Response to First Cause of Action: Negligence**

19   16.   Defendants incorporate by reference their responses to each paragraph of Plaintiff's

20   Complaint as if fully set forth herein.

21   17.   Defendants state that Bextra® was and is safe and effective when used in accordance

22   with its FDA-approved prescribing information.   Defendants state that the potential effects of

23   Bextra® were and are adequately described in its FDA-approved prescribing information, which

24   was at all times adequate and comported with applicable standards of care and law.   Defendants

25   deny any wrongful conduct and deny the remaining allegations in this paragraph of the

26   Complaint.

27   18.   Defendants state that this paragraph of the Complaint contains legal contentions to which

28   no response is required.   To the extent that a response is deemed required, Defendants Pfizer,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Pharmacia, and Searle admit that they had duties as are imposed by law but deny having breached such duties. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

19.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

20.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

21.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

22.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 22 of the Complaint, Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    and deny the remaining allegations in this paragraph of the Complaint.

2    **Response to Second Cause of Action: Strict Products Liability Defective Design**

3    23.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

4    Complaint as if fully set forth herein.

5    24.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and

6    co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by

7    law authorized to prescribe drugs in accordance with their approval by the FDA.    Defendants

8    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

9    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

10   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

11   accordance with their approval by the FDA.    Defendants deny any wrongful conduct, deny that

12   Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this

13   paragraph of the Complaint.

14   25.    Defendants state that Bextra® was and is safe and effective when used in accordance

15   with its FDA-approved prescribing information.    Defendants state that the potential effects of

16   Bextra® were and are adequately described in its FDA-approved prescribing information, which

17   was at all times adequate and comported with applicable standards of care and law.    Defendants

18   deny any wrongful conduct, deny that Bextra® is defective or unreasonably dangerous, and deny

19   the remaining allegations in this paragraph of the Complaint, including all subparts.

20   26.    Defendants are without knowledge or information sufficient to form a belief as to the

21   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

22   Bextra®, and, therefore, deny the same.    Defendants state that Bextra® was and is safe and

23   effective when used in accordance with its FDA-approved prescribing information.    Defendants

24   state that the potential effects of Bextra® were and are adequately described in its FDA-

25   approved prescribing information, which was at all times adequate and comported with

26   applicable standards of care and law.    Defendants state that, in the ordinary case, Bextra® was

27   expected to reach users and consumers without substantial change from the time of sale.

28   Defendants deny any wrongful conduct, deny that Bextra® is unreasonably dangerous, and deny

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1    the remaining allegations in this paragraph of the Complaint.

2    27.    Defendants are without knowledge or information sufficient to form a belief as to the

3    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

4    Bextra®, and, therefore, deny the same.  Defendants deny the remaining allegations in this

5    paragraph of the Complaint.

6    28.    Defendants state that Bextra® was and is safe and effective when used in accordance

7    with its FDA-approved prescribing information.  Defendants state that the potential effects of

8    Bextra® were and are adequately described in its FDA-approved prescribing information, which

9    was at all times adequate and comported with applicable standards of care and law.  Defendants

10   deny any wrongful conduct, deny that Bextra® is defective or unreasonably dangerous, deny that

11   Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph

12   of the Complaint.

13         Answering the unnumbered paragraph following Paragraph 28 of the Complaint,

14   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage,

15   and deny the remaining allegations in this paragraph of the Complaint.

16   **Response to Third Cause of Action: Strict Products Liability Failure to Warn**

17   29.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

18   Complaint as if fully set forth herein.

19   30.    Defendants are without knowledge or information sufficient to form a belief as to the

20   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

21   Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

22   effective when used in accordance with its FDA-approved prescribing information.  Defendants

23   state that the potential effects of Bextra® were and are adequately described in its FDA-

24   approved prescribing information, which was at all times adequate and comported with

25   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra®

26   is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of

27   the Complaint.

28   31.    Defendants are without knowledge or information sufficient to form a belief as to the

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

2    Bextra®, and, therefore, deny the same.  Defendants deny the remaining allegations in this

3    paragraph of the Complaint.

4    32.    Defendants are without knowledge or information sufficient to form a belief as to the

5    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

6    Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

7    effective when used in accordance with its FDA-approved prescribing information.  Defendants

8    state that the potential effects of Bextra® were and are adequately described in its FDA-

9    approved prescribing information, which was at all times adequate and comported with

10   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra®

11   is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of

12   the Complaint.

13   33.    Defendants state that this paragraph of the Complaint contains legal contentions to which

14   no response is required.  To the extent that a response is deemed required, Defendants deny the

15   allegations in this paragraph of the Complaint.

16   34.    Defendants state that Bextra® was and is safe and effective when used in accordance

17   with its FDA-approved prescribing information.  Defendants state that the potential effects of

18   Bextra® were and are adequately described in its FDA-approved prescribing information, which

19   was at all times adequate and comported with applicable standards of care and law.  Defendants

20   deny any wrongful conduct and deny the remaining allegations in this paragraph of the

21   Complaint.

22   35.    Defendants state that this paragraph of the Complaint contains legal contentions to which

23   no response is required.  To the extent that a response is deemed required, Defendants Pfizer,

24   Pharmacia, and Searle admit that they had duties as are imposed by law but deny having

25   breached such duties.  Defendants are without knowledge or information sufficient to form a

26   belief as to the truth of the allegations in this paragraph of the Complaint regarding whether

27   Plaintiff used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is

28   safe and effective when used in accordance with its FDA-approved prescribing information.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

36.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 36 of the Complaint, Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fourth Cause of Action: Breach of Express Warranty of Merchantability**

37.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

38.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

39.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-11-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    state that the potential effects of Bextra® were and are adequately described in its FDA-
2    approved prescribing information, which was at all times adequate and comported with
3    applicable standards of care and law.    Defendants deny the remaining allegations in this
4    paragraph of the Complaint.

5    40.    Defendants state that Bextra® was and is safe and effective when used in accordance
6    with its FDA-approved prescribing information.    Defendants state that the potential effects of
7    Bextra® were and are adequately described in its FDA-approved prescribing information, which
8    was at all times adequate and comported with applicable standards of care and law.    Defendants
9    deny any wrongful conduct and deny the remaining allegations in this paragraph of the
10   Complaint.

11   41.    Defendants state that Bextra® was and is safe and effective when used in accordance
12   with its FDA-approved prescribing information.    Defendants state that the potential effects of
13   Bextra® were and are adequately described in its FDA-approved prescribing information, which
14   was at all times adequate and comported with applicable standards of care and law.    Defendants
15   deny any wrongful conduct and deny the remaining allegations in this paragraph of the
16   Complaint.

17   42.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or
18   damage, and deny the remaining allegations in this paragraph of the Complaint.

19   Answering the unnumbered paragraph following Paragraph 42 of the Complaint,
20   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage,
21   and deny the remaining allegations in this paragraph of the Complaint.

22   **Response to Fifth Cause of Action: Breach of Implied Warranty of Merchantability**

23   43.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's
24   Complaint as if fully set forth herein.

25   44.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and
26   co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by
27   law authorized to prescribe drugs in accordance with their approval by the FDA.    Defendants
28   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

2   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

3   accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

4   effective when used in accordance with its FDA-approved prescribing information.  Defendants

5   state that the potential effects of Bextra® were and are adequately described in its FDA-

6   approved prescribing information, which was at all times adequate and comported with

7   applicable standards of care and law.  Defendants Pfizer, Pharmacia, and Searle admit that they

8   provided FDA-approved prescribing information regarding Bextra®.  Defendants deny the

9   remaining allegations in this paragraph of the Complaint.

10   45.    Defendants are without knowledge or information sufficient to form a belief as to the

11   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

12   Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

13   effective when used in accordance with its FDA-approved prescribing information.  Defendants

14   state that the potential effects of Bextra® were and are adequately described in its FDA-

15   approved prescribing information, which was at all times adequate and comported with

16   applicable standards of care and law.  Defendants deny the remaining allegations in this

17   paragraph of the Complaint.

18   46.    Defendants state that Bextra® was and is safe and effective when used in accordance

19   with its FDA-approved prescribing information.  Defendants state that the potential effects of

20   Bextra® were and are adequately described in its FDA-approved prescribing information, which

21   was at all times adequate and comported with applicable standards of care and law.  Defendants

22   deny any wrongful conduct, deny any breach of warranty, deny that Bextra® is defective or

23   unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

24   47.    Defendants are without knowledge or information sufficient to form a belief as to the

25   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

26   Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

27   effective when used in accordance with its FDA-approved prescribing information.  Defendants

28   state that the potential effects of Bextra® were and are adequately described in its FDA-

1    approved prescribing information, which was at all times adequate and comported with

2    applicable standards of care and law.  Defendants deny any wrongful conduct, deny any breach

3    of warranty, and deny the remaining allegations in this paragraph of the Complaint, including all

4    subparts.

5    48.    Defendants deny any wrongful conduct, deny any breach of warranty, deny that Bextra®

6    caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the

7    Complaint.

8         Answering the unnumbered paragraph following Paragraph 48 of the Complaint,

9    Defendants deny any wrongful conduct, deny any breach of warranty, deny that Bextra® caused

10    Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the

11    Complaint.

12    **Response to Sixth Cause of Action: Fraud**

13    49.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

14    Complaint as if fully set forth herein.

15    50.    Defendants are without knowledge or information sufficient to form a belief as to the

16    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

17    Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

18    effective when used in accordance with its FDA-approved prescribing information.  Defendants

19    state that the potential effects of Bextra® were and are adequately described in its FDA-

20    approved prescribing information, which was at all times adequate and comported with

21    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

22    remaining allegations in this paragraph of the Complaint.

23    51.    Defendants are without knowledge or information sufficient to form a belief as to the

24    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

25    Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

26    effective when used in accordance with its FDA-approved prescribing information.  Defendants

27    state that the potential effects of Bextra® were and are adequately described in its FDA-

28    approved prescribing information, which was at all times adequate and comported with

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

52.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

53.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

54.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

55.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

2   remaining allegations in this paragraph of the Complaint, including all subparts.

3   56.   Defendants state that Bextra® was and is safe and effective when used in accordance

4   with its FDA-approved prescribing information.  Defendants state that the potential effects of

5   Bextra® were and are adequately described in its FDA-approved prescribing information, which

6   was at all times adequate and comported with applicable standards of care and law.  Defendants

7   deny any wrongful conduct and deny the remaining allegations in this paragraph of the

8   Complaint.

9   57.   Defendants state that this paragraph of the Complaint contains legal contentions to which

10  no response is required.  To the extent that a response is deemed required, Defendants Pfizer,

11  Pharmacia, and Searle admit that they had duties as are imposed by law but deny having

12  breached such duties.  Defendants are without knowledge or information sufficient to form a

13  belief as to the truth of the allegations in this paragraph of the Complaint regarding whether

14  Plaintiff used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is

15  safe and effective when used in accordance with its FDA-approved prescribing information.

16  Defendants state that the potential effects of Bextra® were and are adequately described in its

17  FDA-approved prescribing information, which was at all times adequate and comported with

18  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

19  remaining allegations in this paragraph of the Complaint.

20  58.   Defendants are without knowledge or information sufficient to form a belief as to the

21  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

22  Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

23  effective when used in accordance with its FDA-approved prescribing information.  Defendants

24  state that the potential effects of Bextra® were and are adequately described in its FDA-

25  approved prescribing information, which was at all times adequate and comported with

26  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra®

27  caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the

28  Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

59.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 59 of the Complaint, Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Seventh Cause of Action: Negligent Misrepresentation**

60.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

61.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

62.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

63.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    deny any wrongful conduct and deny the remaining allegations in this paragraph of the

2    Complaint.

3    64.    Defendants state that Bextra® was and is safe and effective when used in accordance

4    with its FDA-approved prescribing information.  Defendants state that the potential effects of

5    Bextra® were and are adequately described in its FDA-approved prescribing information, which

6    was at all times adequate and comported with applicable standards of care and law.  Defendants

7    deny any wrongful conduct and deny the remaining allegations in this paragraph of the

8    Complaint.

9    65.    Defendants are without knowledge or information sufficient to form a belief as to the

10   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

11   Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

12   effective when used in accordance with its FDA-approved prescribing information.  Defendants

13   state that the potential effects of Bextra® were and are adequately described in its FDA-

14   approved prescribing information, which was at all times adequate and comported with

15   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

16   remaining allegations in this paragraph of the Complaint.

17   66.    Defendants are without knowledge or information sufficient to form a belief as to the

18   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

19   Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

20   effective when used in accordance with its FDA-approved prescribing information.  Defendants

21   state that the potential effects of Bextra® were and are adequately described in its FDA-

22   approved prescribing information, which was at all times adequate and comported with

23   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

24   remaining allegations in this paragraph of the Complaint, including all subparts.

25   67.    Defendants state that Bextra® was and is safe and effective when used in accordance

26   with its FDA-approved prescribing information.  Defendants state that the potential effects of

27   Bextra® were and are adequately described in its FDA-approved prescribing information, which

28   was at all times adequate and comported with applicable standards of care and law.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    deny any wrongful conduct and deny the remaining allegations in this paragraph of the

2    Complaint.

3    68.    Defendants state that this paragraph of the Complaint contains legal contentions to which

4    no response is required.  To the extent that a response is deemed required, Defendants Pfizer,

5    Pharmacia, and Searle admit that they had duties as are imposed by law but deny having

6    breached such duties.  Defendants are without knowledge or information sufficient to form a

7    belief as to the truth of the allegations in this paragraph of the Complaint regarding whether

8    Plaintiff used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is

9    safe and effective when used in accordance with its FDA-approved prescribing information.

10    Defendants state that the potential effects of Bextra® were and are adequately described in its

11    FDA-approved prescribing information, which was at all times adequate and comported with

12    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

13    remaining allegations in this paragraph of the Complaint.

14    69.    Defendants are without knowledge or information sufficient to form a belief as to the

15    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

16    Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

17    effective when used in accordance with its FDA-approved prescribing information.  Defendants

18    state that the potential effects of Bextra® were and are adequately described in its FDA-

19    approved prescribing information, which was at all times adequate and comported with

20    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

21    remaining allegations in this paragraph of the Complaint.

22    70.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

23    damage, and deny the remaining allegations in this paragraph of the Complaint.

24            Answering the unnumbered paragraph following Paragraph 70 of the Complaint,

25    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage,

26    and deny the remaining allegations in this paragraph of the Complaint.

27

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

## III.

## GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in Plaintiff's Complaint that have not been previously admitted, denied, or explained.

## IV.

## AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial. Defendants affirmatively show that:

### First Defense

1.     The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2.     Bextra® is a prescription medical product. The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Bextra® was at all times in compliance with applicable federal law. Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.     At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.     At all relevant times, Defendants' warnings and instructions with respect to the use of Bextra® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5.     Plaintiff's action is time-barred as it is filed outside of the time permitted by the

ANSWER TO COMPLAINT – 3:08-cv-0183-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

### Sixth Defense

6.     Plaintiff's action is barred by the statute of repose.

### Seventh Defense

7.     If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the negligence or fault of the Plaintiff and Plaintiff's damages, if any, are barred or reduced by the doctrines of comparative fault and contributory negligence and by the failure to mitigate damages.

### Eighth Defense

8.     The proximate cause of the loss complained of by Plaintiff is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

### Ninth Defense

9.     The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

### Tenth Defense

10.     Any injuries or expenses incurred by Plaintiff was not caused by Bextra®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

### Eleventh Defense

11.     Defendants affirmatively deny that they violated any duty owed to Plaintiff.

### Twelfth Defense

12.     A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Bextra® is a prescription medical product, available only

on the order of a licensed physician.  Bextra® provided an adequate warning to Plaintiff's treating and prescribing physicians.

### Thirteenth Defense

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

### Fourteenth Defense

14.    Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the occurrence of the injuries alleged by Plaintiff was legally adequate for its approved usages.

### Fifteenth Defense

15.    Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

### Sixteenth Defense

16.    If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the unforeseeable alteration, change, improper handling, abnormal use, or other unforeseeable misuse of Bextra® by persons other than Defendants or persons acting on its behalf after the product left the control of Defendants.

### Seventeenth Defense

17.    Plaintiff's alleged damages were not caused by any failure to warn on the part of Defendants.

### Eighteenth Defense

18.    Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

### Nineteenth Defense

19.    Plaintiff knew or should have known of any risk associated with Bextra®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Twentieth Defense**

20.     Plaintiff is barred from recovering against Defendants because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.     Plaintiff's claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22.     The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiff's causes of action are preempted.

**Twenty-third Defense**

23.     Plaintiff's claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

**Twenty-fourth Defense**

24.     Plaintiff's claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

**Twenty-fifth Defense**

25.     Plaintiff's claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

**Twenty-sixth Defense**

26.     Plaintiff's claims are barred or limited to a product liability failure to warn claim because Bextra® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Twenty-seventh Defense

27.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

### Twenty-eighth Defense

28.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

### Twenty-ninth Defense

29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff failed to plead facts sufficient under the law to justify an award of punitive damages.

### Thirtieth Defense

30.    The imposition of punitive damages in this case would violate Defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitutions of the States of Louisiana and California, and would additionally violate Defendants' right to substantive due process under the Fourteenth Amendment of the United States Constitution.

### Thirty-first Defense

31.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

### Thirty-second Defense

32.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

### Thirty-third Defense

33.    Plaintiff's punitive damage claims are preempted by federal law.

### Thirty-fourth Defense

34.    In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Thirty-fifth Defense**

35.    Plaintiff failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

**Thirty-sixth Defense**

36.    To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

**Thirty-seventh Defense**

37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

**Thirty-eighth Defense**

38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution and the Constitutions of the States of Louisiana and California.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)  permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5)

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    permits jury consideration of net worth or other financial information relating to Defendants;

2    (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict

3    review of any punitive damages awards; (7) lacks constitutionally sufficient standards for

4    appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court

5    precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1

6    (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North*

7    *America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*,

8    538 U.S. 408 (2003).

9    **Thirty-ninth Defense**

10    39.    The methods, standards, and techniques utilized with respect to the manufacture, design,

11    and marketing of Bextra®, if any, used in this case, included adequate warnings and

12    instructions with respect to the product's use in the package insert and other literature, and

13    conformed to the generally recognized, reasonably available, and reliable state of the

14    knowledge at the time the product was marketed.

15    **Fortieth Defense**

16    40.    The claims asserted in the Complaint are barred because Bextra® was designed, tested,

17    manufactured and labeled in accordance with the state-of-the-art industry standards existing at

18    the time of the sale.

19    **Forty-first Defense**

20    41.    If Plaintiff sustained injuries or losses as alleged in the Complaint, upon information and

21    belief, such injuries and losses were caused by the actions of persons not having real or

22    apparent authority to take said actions on behalf of Defendants and over whom Defendants had

23    no control and for whom Defendants may not be held accountable.

24    **Forty-second Defense**

25    42.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

26    was not unreasonably dangerous or defective, was suitable for the purpose for which it was

27    intended, and was distributed with adequate and sufficient warnings.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Forty-third Defense**

43.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

**Forty-fourth Defense**

44.     Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were independent of or far removed from Defendants' conduct.

**Forty-fifth Defense**

45.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra® did not proximately cause injuries or damages to Plaintiff.

**Forty-sixth Defense**

46.     The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff did not incur any ascertainable loss as a result of Defendants' conduct.

**Forty-seventh Defense**

47.     The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

**Forty-eighth Defense**

48.     The claims must be dismissed because Plaintiff would have taken Bextra® even if the product labeling contained the information that Plaintiff contends should have been provided.

**Forty-ninth Defense**

49.     The claims asserted in the Complaint are barred because the utility of Bextra® outweighed its risks.

**Fiftieth Defense**

50.     Plaintiff's damages, if any, are barred or limited by the payments received from

1  collateral sources.

2  **Fifty-first Defense**

3  51.    Defendants' liability, if any, can only be determined after the percentages of

4  responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if

5  any, are determined.   Defendants seek an adjudication of the percentage of fault of the

6  claimants and each and every other person whose fault could have contributed to the alleged

7  injuries and damages, if any, of Plaintiff.

8  **Fifty-second Defense**

9  52.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the

10  common law gives deference to discretionary actions by the United States Food and Drug

11  Administration under the Federal Food, Drug, and Cosmetic Act.

12  **Fifty-third Defense**

13  53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is

14  comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act

15  ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiff's

16  claims conflict with the FDCA, with the regulations promulgated by FDA to implement the

17  FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations,

18  and with the specific determinations by FDA specifying the language that should be used in the

19  labeling accompanying Bextra®.    Accordingly, Plaintiff's claims are preempted by the

20  Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the

21  United States.

22  **Fifty-fourth Defense**

23  54.    Plaintiff's misrepresentation allegations are not stated with the degree of particularity

24  required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

25  **Fifty-fifth Defense**

26  55.    Defendants state on information and belief that the Complaint and each purported cause

27  of action contained therein is barred by the statutes of limitations contained in California Code

28  of Civil Procedure §§ 335.1 and 338 and former § 340(3), such other statutes of limitation as

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

may apply.

### Fifty-sixth Defense

56.     Defendants state on information and belief that any injuries, losses, or damages suffered by Plaintiff was proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants.  Therefore, Plaintiff's recovery against Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

### Fifty-seventh Defense

57.     To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under California Civil Code § 3294(b).

### Fifty-eighth Defense

58.     Defendants assert all affirmative defenses applicable under the Louisiana Products Liability Act, La. Rev. State. § 9:2800.51, et seq.

### Fifty-ninth Defense

59.     Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiff's claims.

### V.

### PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.     That Plaintiff takes nothing from Defendants by reason of the Complaint;

2.     That the Complaint be dismissed;

3.     That Defendants be awarded their costs for this lawsuit;

4.     That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiff's alleged injuries, losses or damages is attributable to each person;

5.     That any judgment for damages against Defendants in favor of Plaintiff be no greater than an amount which equals their proportionate share, if any, of the total fault or other

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    liability which proximately caused Plaintiff's injuries and damages; and

2    6.    That Defendants have such other and further relief as the Court deems appropriate.

3

4    March 8, 2008                              GORDON & REES LLP

5

6                                              By: :_____/s/_____

7                                                  Stuart M. Gordon
                                                   sgordon@gordonrees.com
8                                                  Embarcadero Center West
                                                   275 Battery Street, 20th Floor
9                                                  San Francisco, CA 94111
                                                   Telephone:  (415) 986-5900
10                                                 Fax:  (415) 986-8054

11   March 8, 2008                              TUCKER ELLIS & WEST LLP

12

13                                             By: :_____/s/_____

14                                                 Michael C. Zellers
                                                   michael.zellers@tuckerellis.com
15                                                 515 South Flower Street, Suite 4200
                                                   Los Angeles, CA  90071-2223
16                                                 Telephone:  (213) 430-3400
                                                   Fax:  (213) 430-3409
17
                                                   Attorneys for Defendants
18                                                 PFIZER INC., PHARMACIA
                                                   CORPORATION, AND G.D. SEARLE
19                                                 LLC

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT – 3:08-cv-0183-CRB

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1

## JURY DEMAND

2   Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, hereby demand a

3   trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4   Procedure.

5   March 8, 2008                                GORDON & REES LLP

6

7                                               By: :_____/s/_____

8                                                   Stuart M. Gordon
                                                    sgordon@gordonrees.com
9                                                   Embarcadero Center West
                                                    275 Battery Street, 20th Floor
10                                                  San Francisco, CA  94111
                                                    Telephone:  (415) 986-5900
11                                                  Fax:  (415) 986-8054

12

13  March 7, 2008                                TUCKER ELLIS & WEST LLP

14

15                                              By:_____/s/_____
                                                    Michael C. Zellers
16                                                  michael.zellers@tuckerellis.com
                                                    515 South Flower Street, Suite 4200
17                                                  Los Angeles, CA 90071-2223
                                                    Telephone:  (213) 430-3400
18                                                  Fax:  (213) 430-3409

19                                                  Attorneys for Defendants
                                                    PFIZER INC., PHARMACIA
20                                                  CORPORATION, AND G.D. SEARLE
                                                    LLC

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111